OPINION OF THE COURT
Bertram R. Gelfand, J.
The guardian ad litem has placed at issue the availability in this matter of relief under SCPA 2225 at this time. He contends that the 1985 amendment to SCPA 2225, reducing the period in which the statute becomes applicable from five years after death to three, can only be applied to estates of decedents who died subsequent to the amendment. This decedent is dead in excess of three years, but less than five years.
The amendment to SCPA 2225 took effect on May 21, 1985 (see, L 1985, ch 106). The guardian ad litem essentially bases *398 his position on arguing that, since the Legislature did not state that this amendment was to be applied retroactively, and since the amendment cannot be characterized as procedural or remedial, the objectants must wait the five-year period in effect at the time of the decedent’s death before relief is available under SCPA 2225.
The court does not embrace the contentions of the guardian ad litem on this point. The reasoning of Chief Judge Breitel, writing for a unanimous court in Becker v Huss Co. (43 NY2d 527, 540-541), is dispositive of the issue. In determining the applicability of an amendment to the Workmen’s Compensation Law to settlements or judgments reached after its effective date regardless of when the injury occurred, he wrote: "It is thus not the verbal category, be it remedial, nonremedial, substantive, or procedural, into which the amendment might be slotted for lack of more subtle subclassification that sheds light on the issue. It falls comfortably in none. Instead, examination of legislative intent, if it be discernible * * * and consideration of the practicalities and the realities offer more fruitful and sounder analysis” (supra, at 540-541).
If the reasoning of the guardian ad litem that the statutory time period which existed in SCPA 2225 as of the date of decedent’s death must be applied was to be followed, it would mean that the distributees of a decedent who died on May 20, 1985 would have to wait until 1990 before they could receive their distributive shares pursuant to SCPA 2225, whereas the distributees of a decedent who died on May 21, 1985, only one day later, would be entitled to receive their distributive shares in 1988. Clearly, the Legislature did not intend such an inequitable result when it enacted the amendment to SCPA 2225 whose specific purpose was to accelerate the distribution of estates in those cases where, even after due diligence, it was impossible to establish a portion of a decedent’s pedigree. The overriding intent of the Legislature that is intrinsic in the legislation is to accelerate the distribution of as many estates as possible. The statute had no other purpose and its clear intent can only be achieved by its provisions being applied to all estates pending subsequent to the effective date of the legislation. Accordingly, it is concluded that SCPA 2225, as amended in 1985, is applicable in all estate matters arising subsequent to the effective date of the amendment, even if decedent died prior to that date and the administration of a *399 decedent’s estate had begun prior to that date. Accordingly, the objections may avail themselves of the shorter time period currently set forth in the statute, without regard to when decedent died or when the administration of decedent’s estate began.
[Portions of opinion omitted for purposes of publication.]