OPINION OF THE COURT
Lee L. Holzman, J.
This is an application by the aunt of the absentee to have him declared dead pursuant to EPTL 2-1.7 so that she may collect the proceeds of a bank account in the absentee’s name in trust for her. Petitioner also requested that letters of administration issue to the public administrator. Inasmuch as petitioner alleges that respondent disappeared in May 1989, *969 the issue presented is whether the period of disappearance required to declare the absentee dead is five years, the period required by EPTL 2-1.7 (a) at the time of his disappearance, or a three-year period as provided in the amendment thereto effective January 1, 1994 (L 1993, ch 514, § 63).
EPTL 2-1.7 (a) presently provides that a person who is absent for a continuous period of three years and whose absence is not satisfactorily explained after a diligent search may be presumed to have died three years after the date that the unexplained absence commenced. Here it has been established that respondent has been continuously absent since May 30, 1989 and he may be presumed dead because, after a diligent search, there is no other satisfactory explanation for his continuous disappearance. However, inasmuch as the provisions of EPTL 2-1.7 (a) in effect from the date that the absentee disappeared, until January 1, 1994, required a five-year period of disappearance before he could be presumed to have died, there is a question as to the applicable period in this case and, consequently, the date that the absentee should be presumed to have died.
It is well settled that an amendment should be given full retroactive effect in any proceeding pending on its effective date if it is considered procedural or remedial in nature and that the amendment cannot be given retroactive effect if it is deemed to be substantive or that the Legislature intended for it to have only prospective effect (see, Matter of Kenny, 114 Misc 2d 203). However, it is not always easy to distinguish between procedural and substantive amendments because, as is the case with questions of law and fact, there are times when elements of both are present.
In any case where the disappearance commenced not more than three years prior to January 1, 1994, the three-year period is applicable. To hold that the five-year period is applicable in these cases would have to be based upon a finding that the Legislature for some inexplicable reason intended that a person who disappeared on January 1, 1994 could be declared dead on January 1, 1997, almost two years sooner than a person who disappeared one day earlier, who could not be declared dead until December 31,1998 (Estate of Butler, NYLJ, Apr. 13, 1995, at 29, col 5; see also, Matter of Saab, 135 Misc 2d 397). Consequently, it is concluded that if the amendment cannot be given full retroactive effect, the five-year period set forth in the predecessor statute is applicable to all cases where the disappearance commenced more than five years prior to *970 January 1, 1994, the three-year period is applicable to all cases where the disappearance occurred on or after January 1, 1994, and that, for any disappearance which commenced less than five years prior to January 1, 1994, the presumed date of death is January 1, 1994 or three years from the date of disappearance, whichever is later.
Since petitioner is still alive, it makes no difference with regard to the Totten trust account at issue whether the absentee is declared dead as of May 30, 1992, a date three years from the date of his disappearance, or January 1, 1994, a date more than three years after the date of his disappearance and the "effective date” of the "three-year amendment”. The court holds that, pursuant to EPTL 2-1.7 (a) and only with regard to the absentee’s presently known assets, he is presumed to have died on January 1, 1994. This date is selected because the Legislature did not make the amendment effective immediately. Moreover, if the designated beneficiary had died prior to January 1, 1994 and less than five years from the date that the absentee first disappeared, the absentee’s distributees could argue that neither the Totten trust beneficiary nor the estate of the beneficiary would have had any right to the proceeds of the account and that the absentee’s distributees would have then had a vested property right to the proceeds of the Totten trust account or similar assets, such as the proceeds of a life insurance policy. However, inasmuch as it could also be argued that no property right has vested with regard to the absentee’s property until the presumed death is declared by the court and that the amendment is remedial in nature, the determination herein is without prejudice to the rights of any possible interested party should assets be discovered in the future in which a party would have a right to the property in the event that the absentee was declared dead as of May 30, 1992 instead of January 1, 1994.
[Portions of opinion omitted for purposes of publication.]